# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 2:17CR00014-002 |
| v.                           ) | **OPINION** |
| ) | |
| **KAMAL QAZAH,**             ) | By:  James P. Jones |
| ) | United States District Judge |
| Defendant.              ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Kamal Qazah, Defendant Pro Se.*

The defendant, Kamal Qazah, proceeding pro se, has filed a motion seeking relief under 28 U.S.C. § 2255.  The United States has filed a motion to dismiss, to which the movant has responded.  For the reasons stated, I will grant the motion to dismiss and dismiss the § 2255 motion.

The defendant pled guilty to Counts One and Three of the Indictment on August 29, 2017, without the benefit of a plea agreement.  Count One charged the defendant with conspiring to escape from a federal penal institution, in violation of 18 U.S.C. § 371, and Count Three charged the defendant with escape from a federal penal institution, in violation of 18 U.S.C. § 751(a).  Qazah was sentenced by this court on November 28, 2017, to 60 months imprisonment on each count, to run concurrently.  This sentence was a variance above the advisory guideline range of

12 to 18 months. Qazah's appeal was unsuccessful. *United States v. Qazah*, 731 F. App'x 221 (4th Cir. 2018) (unpublished).

In his § 2255 motion, the defendant contends that his counsel was ineffective in two ways. In Ground One, Qazah asserts that his counsel was ineffective for failing to challenge the conspiracy count and the substantive escape count as multiplicitous, in violation of the Double Jeopardy Clause. In Ground Two, he claims his counsel was ineffective for failing to challenge the sentence imposed by the court as creating an unwarranted sentencing disparity.

To state a viable § 2255 claim for relief, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).[1]

By forgoing an evidentiary hearing, I must view the facts presented in the pleadings, evidence, and record in the light most favorable to the petitioner. *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007). However, "allegations in a

---

[1] I have omitted internal quotation marks, alterations, and citations throughout this opinion, unless otherwise noted.

§ 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (holding that an evidentiary hearing is not necessary when the movant's allegations, viewed against the record of the plea hearing, are clearly incorrect). "[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation" by the Court. *United States v. Dyess*, 730 F3d 354, 359–60 (4th Cir. 2013).

Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective assistance claims, however, are not lightly granted — "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686. To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's alleged deficient performance. *Id.* at 687. To satisfy the prejudice prong of *Strickland*, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694.

A defendant who has pled guilty must demonstrate that, but for counsel's alleged error, there is a reasonable probability that he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In the guilty plea context, a petitioner must also "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 371–72 (2010).

In Ground One of his § 2255 motion, Qazah asserts that his counsel should have challenged the Indictment as multiplicitous because it included both a conspiracy allegation and a substantive escape allegation. In essence, Qazah claims that the substantive escape charge is "merely [a] lesser included offense[] of the offense charged in Count 1 of the very same indictment." 2255 Mem. in Supp. 8, ECF No. 78-1. Qazah, therefore, alleges his Double Jeopardy rights were violated. This is incorrect, because the conspiracy count includes the additional element that the defendant agreed with another to pursue an escape; therefore, the two charges do not include all of the same elements. *Blockburger v. United States*, 284 U.S. 299 (1932).

In his reply, he also argues that the charges violate Wharton's Rule.[2] Yet this argument has been rejected by the Fourth Circuit in similar circumstances. *See, e.g.*, *United States v. Ruhbayan*, 406 F.3d 292, 300 (4th Cir. 2005) (rejecting invocation of Wharton's Rule in a witness tampering and perjury conspiracy because the immediate consequences of defendants' witness tampering and subornation of perjury crimes fell on society at large and on the criminal justice system itself, rather than on the defendants only); *United States v. Rashwan*, 328 F.3d 160, 164 (4th Cir. 2003) (holding that Wharton's Rule "does not apply where, as here, a crime is capable of being committed by one person"). As in *Ruhbayan*, the immediate consequences of Qazah's escape fell on society at large, and on the criminal justice system itself, because law enforcement expended time and resources to locate him in a foreign county and bring him back to the district to complete his sentence. And like *Rashwan*, the process of planning and effectuating an escape does not require

---

[2] Wharton's Rule is a judicially crafted exception to the general principle that conspiracy and a substantive offense are separate crimes. This exception holds that the government cannot charge an individual with both a substantive offense and a conspiracy to carry out that offense when, by definition, it requires two or more people for its commission, such as adultery. *Iannelli v. United States*, 420 U.S. 770, 782–83 (1975) (observing that Wharton's Rule is aimed at activities where "the immediate consequences of the crime rest on the parties themselves rather than on society at large"). The broadly formulated exception does not rest on principles of double jeopardy, *see Pereira v. United States*, 347 U.S. 1, 11 (1954), but instead is a judicial presumption to be applied only in the absence of legislative intent to the contrary.

more than one person.  As a result, Qazah has failed to show that his counsel committed any unprofessional error or that he was prejudiced by any such error, as required by *Strickland*.  I will, therefore, grant the government's Motion to Dismiss as to Ground One.

In Ground Two of Qazah's § 2255 Motion, he asserts that his counsel should have challenged the length of his sentence because it allegedly created an unwarranted sentencing disparity.  The defendant already lost on this issue in his direct appeal to the Fourth Circuit, in which he claimed his sentence was both procedurally and substantively unreasonable. *United States v. Qazah*, 731 F. App'x at 222.  In addition, Qazah's counsel argued before his sentencing against an upward variance.  His counsel argued that Qazah would be punished by being placed in a higher security facility.  His counsel also noted that he did not commit any violence to escape.  His counsel tried to lessen Qazah's conduct by claiming that the defendant merely wanted to return to his estranged family.  Qazah's counsel, therefore, did challenge the upward variance from the guidelines before it was imposed; he simply failed to convince me to adopt his argument.

Second, the prosecutor advised Qazah during his guilty plea hearing, and Qazah acknowledged, that Counts One and Three, respectively, had a maximum sentence of up to five years imprisonment, a maximum fine of $250,000, and a period of supervised release.  I also advised Qazah that his guidelines range of

imprisonment would not be determined until later and that I had the authority to impose a sentence that was more or less severe than the guidelines range. Qazah indicated his understanding of these points. Finally, as I noted at his sentencing, the context of Qazah's escape warranted an upward variance. The government correctly pointed out that Qazah's escape was significantly different from most escape cases that appear in this district. Qazah conspired with another prisoner to escape, he walked away from a low-security prison camp, he managed to sneak across the border to Mexico, he had forged foreign passports, he had cash on hand, and he had booked tickets to escape to a third country. I found that both specific and general deterrence was warranted given the defendant's conduct, as well as the need to protect the public. As such, the defendant has not shown, and cannot show, unprofessional error by his counsel or prejudice as required by *Strickland*.

For these reasons, the United States' motion to dismiss will be granted and the § 2255 motion will be dismissed. A separate final order will be entered herewith.

ENTER: June 8, 2020

/s/ JAMES P. JONES
United States District Judge