IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) Case No. 2:17CR00014 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **KAMAL QAZAH,** | ) JUDGE JAMES P. JONES |
| | ) |
| Defendant. | ) |

*Whitney D. Pierce, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant has filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The government opposes the motion. For the reasons stated, the defendant's motion will be denied.

I.

In 2013, a jury convicted the defendant, Kamal Qazah, of charges related to receiving and transporting stolen cigarettes, in violation of 18 U.S.C. §§ 371, 2314, and 2315, and money-laundering charges, in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(3). The district court sentenced Qazah to 216 months' incarceration, which was later reduced to 172 months. Qazah was assigned to the low-security camp at U.S. Penitentiary in Lee County, Virginia (USP Lee). On May 3, 2017, Qazah and another inmate escaped from USP Lee. They were apprehended 20 days later in

Mexico City, Mexico.  At the time of their arrest, they possessed U.S. currency, forged Yemeni passports, and civilian clothing.  Qazah later pled guilty to conspiracy to escape from a federal correctional institution, in violation of 18 U.S.C. § 371, and escape, in violation of 18 U.S.C. § 751(a).  This court sentenced the defendant to serve 60 months' incarceration for each count, with the terms to be served concurrently with each other and consecutively to his prior sentence of 172 months.   He is currently incarcerated at FCI Yazoo City Medium with a projected release date of September 10, 2029.

On April 29, 2021, Qazah filed a pro se motion for compassionate release, asking that this court release him or modify his sentence because he was transferred to a facility far away from his family and because he is at a heightened risk of adverse health effects from the COVID-19 virus.  This court appointed the Federal Public Defender to represent Qazah.  No supplemental motion was filed.  This court denied the pro se motion without prejudice because Qazah had not shown that he had exhausted his required administrative remedies.

On January 27, 2022, Qazah filed a pro se motion for reconsideration, which this court granted after determining that Qazah had exhausted his administrative remedies.  The government has since filed its response, contending that Qazah cannot establish extraordinary and compelling circumstances for release or sentence

modification, and arguing that the 18 U.S.C. § 3553 factors weigh against release. Qazah has filed a reply, and the matter is now ripe for decision.[1]

## II.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). In exercising my discretion under § 3582(c)(1)(A)(i), I must consider the principles set forth in *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021), including the factors described in 18 U.S.C. § 3553(a), to the extent they are applicable.

Qazah alleges that his obesity and Body Mass Index of 34.7, the conditions at the Yazoo City prison, and his good behavior and non-violent history warrant relief. I disagree. Qazah is only forty-three, and he appears to suffer from no other serious medical conditions.[2] Although obesity is a recognized COVID-19 risk factor, he has recovered from the virus twice and has received two doses of a COVID-19 vaccine. The possibility of contracting COVID-19 again does not constitute an extraordinary

---

[1] Quzah has also filed a motion for compassionate release in the Western District of North Carolina, the court in which he was sentenced for the receipt and transport of stolen cigarettes and money laundering convictions. That motion is still pending.

[2] Qazah also contends that he suffers from depression as a result of being separated from his family and anxiety from contracting COVID-19. He has submitted no documentation to support such conditions, and any such diagnoses would not constitute extraordinary and compelling reasons for release in this case.

and compelling reason for release under the defendant's circumstances. And while I understand that Qazah's prison placement is far from his family and appreciate the hardship such placement creates, such circumstance is not sufficiently extraordinary and compelling to justify a reduction in his sentence. *See Williams v. USA*, Nos. 4:22-cv-0344-P, 4-21-cr-0035-P-1, 2022 WL 1189996, at *5 (N.D. Tex. Apr. 21, 2022) (suggesting that the distance between a movant's placement and his family is not a unique condition warranting relief).

Finally, although I commend Qazah for participating in programing to better himself while incarcerated, the § 3553(a) factors do not support a sentence reduction. Qazah's escape from federal prison was a serious offense that demonstrates his disregard for the law. In addition, the need to further protect the public and to deter the defendant's future behavior weigh against release.

For these reasons, I do not find it appropriate to grant the motion.

III.

It is **ORDERED** that the Motion for Reduction in Sentence under 18 U.S.C. § 3582(c)(1)(A), ECF No. 92, is DENIED.

ENTER: August 25, 2022

/s/ JAMES P. JONES
Senior United States District Judge